**NOT FOR PUBLICATION**

FILED

**UNITED STATES COURT OF APPEALS**

APR 21 2023

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  22-50070 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00758-DSF-4 |
| v. | |
| CHRISTOPHER DELGADO, AKA Lil Glow, AKA Spoke, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted April 12, 2023[**]
Pasadena, California

Before:  W. FLETCHER, LEE, and MENDOZA, Circuit Judges.

Christopher Delgado appeals from his jury conviction for one count of

conspiracy, in violation of 21 U.S.C. § 846, and one count of distribution of

methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  Delgado argues the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

district court erred by admitting evidence of a firearm sale and an excerpt from Delgado's interrogation ("interrogation excerpt"). Delgado also challenges a matter that is under seal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.    Delgado argues the district court erred by admitting evidence of a firearm sale as "inextricably intertwined" with Delgado's underlying drug offense. According to Delgado, the evidence is inadmissible under Federal Rule of Evidence 404(b). "[W]e review de novo the district court's application of the Federal Rules of Evidence to the other acts evidence." *United States v. Wells*, 879 F.3d 900, 925 (9th Cir. 2018).

"Evidence of 'other acts' is not subject to Rule 404(b) analysis if it is 'inextricably intertwined' with the charged offense." *United States v. Beckman*, 298 F.3d 788, 793 (9th Cir. 2002) (quoting *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995)). The inextricably intertwined exception applies when an act (1) "constitutes a part of the transaction that serves as the basis for the criminal charge" or (2) is "necessary" to "permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *Vizcarra-Martinez*, 66 F.3d at 1012–13.

Here, the drug sale underlying Delgado's charges and the firearm sale were clearly "part of . . . a single criminal transaction." *Id.* Delgado's co-conspirator

2

and co-defendant, Oscar Rodriguez, agreed to sell "drugs and a firearm" to a confidential informant; Delgado stored his drugs and guns in the same location; Delgado and Rodriguez stayed in contact after the drug sale to coordinate the firearm sale; the firearm sale occurred one hour after the drug sale; and Rodriguez received a broker's fee from Delgado for arranging the drug and firearm sale. That Delgado was charged only with drug-related offenses and no firearm offense does not render evidence of the firearm sale inadmissible. *See United States v. Warren*, 25 F.3d 890, 895 (9th Cir. 1994) ("Offenses committed in a single criminal episode do not become inadmissible because the defendant is being tried for only some of his acts."); *see also United States v. Rizk*, 660 F.3d 1125, 1131 (9th Cir. 2011). Because the firearm sale was inextricably intertwined with the underlying charge, the district court did not err.

2.      Reviewing for abuse of discretion, *United States v. Alvirez*, 831 F.3d 1115, 1120 (9th Cir. 2016), we find no error in the district court's admission of the interrogation excerpt. Identity was a key issue at trial because the confidential informant's video recorded Delgado's voice, but not his face. Because the interrogation excerpt concerned Delgado's recognition of his voice, it was highly probative in proving Delgado was the supplier in the confidential informant's video. The district court properly performed a Rule 403 balancing analysis and reasonably concluded that the probative value of the interrogation excerpt was not

3

substantially outweighed by the danger of unfair prejudice.

3. Finally, Delgado challenges a matter that is filed under seal. Reviewing for abuse of discretion, we affirm.

**AFFIRMED**.